John P. Leonard, Esq.
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, New Jersey 07962-2075
Tel: (973) 993-8100
Fax: (973) 425-0161
Attorneys for Defendant,
Gaye Torrance

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE E. ADKINS and CHARLIE ADKINS,<br><br>      Plaintiffs,<br><br>v.<br><br>JOHN B. SOGLIUZZO, ESQ., THE ESTATE OF MARY T. GRIMLEY, DEUTCHE BANK, ALEX BROWN, TOM RODMAN, GAYE TORRANCE and TD BANK, N.A.,<br><br>      Defendants. | Civil Action No.:<br>   2:09-cv-01123-SDW-MCA<br><br><br>**CERTIFICATION OF<br>JOHN P. LEONARD**<br><br><br><br>*Document Electronically Filed* |

    I, John P. Leonard, of full age, hereby certify,

    1.  I am an attorney at law licensed to practice law in the State and federal courts of New Jersey. I am a member with the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, counsel for defendant Gaye Torrance in the above captioned matter.

2.    I make this Certification in support of Defendant Torrance's motion for a protective order and in accord with Fed. R. Civ. P. 26(c).    I am aware of the facts and circumstances relating to the Order and, unless otherwise stated herein, I have knowledge of the facts set forth below.

3.    Based upon my experience in the litigation of the instant matter and a related action pending before the Superior Court of New Jersey, Hudson Vicinage, any good faith attempt to confer with counsel to resolve the discovery matter underlying the instant motion would have been fruitless.

4.    Nevertheless, in accord with Fed. R. Civ. P. 26(c)(1), I attempted to confer with Mark D. Miller, Esq., counsel for Plaintiffs, on December 23, 2009.

5.    A true and accurate copy of interrogatories propounded upon Defendant Torrance by Plaintiffs is attached hereto as **Exhibit A.**

6.    A true and accurate copy of the request for production of documents propounded upon Defendant Torrance by Plaintiffs is attached hereto as **Exhibit B.**

I hereby certify that the above statements made by me are true.  I am aware that if any of the above statements made by me are false, I am subject to punishment.


By:  /s/ John P. Leonard
     John P. Leonard, Esq.
     Scott S. Flynn, Esq.
     McElroy, Deutsch, Mulvaney
     & Carpenter, LLP
     1300 Mount Kemble Ave.
     P.O. Box 2075
     Morristown, New Jersey 07962-2075
     Tel: (973) 993-8100
     Fax: (973) 425-0161
     Email: Jleonard@mdmc-law.com
     Email: Sflynn@mdmc-law.com
     Attorneys for Defendant
     Gaye Torrance

# EXHIBIT A

The Beinhaker Law Firm
414 Westfield Avenue
Westfield, New Jersey 07090
Tel: (908) 272-2232
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE E. ADKINS and CHARLIE ADKINS, | Civil Action No.: 2:09-cv-01123-SDW-MCA |
| Plaintiffs, | Civil Action |
| vs. | **INTERROGATORIES UPON DEFENDANT, L. GAYE TORRANCE** |
| JOHN B. SOGLIUZZO, ESQ., THE ESTATE OF MARY T. GRIMLEY, DEUTSCHE BANK d/b/a ALEX BROWN, H. THOMPSON RODMAN, L. GAYE TORRANCE, TD BANK, N.A. and HAVEN SAVINGS BANK, | |
| Defendants. | |

**TO:**   John Leonard, Esq.
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mt. Kemble Avenue
Morristown, NJ 07962

**SIR:**

**PLEASE TAKE NOTICE**, that Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs, Jane E. Adkins and Charles Adkins, respectfully demand that Defendant, L. Gaye Torrance, serve upon The Beinhaker Law Firm, 414 Westfield Avenue, Westfield, New Jersey 07090, attorneys for the Plaintiffs, certified answers to the within interrogatories pursuant to the Order of the Court and the Federal Rules of Civil Procedure.

The Beinhaker Law Firm
Attorneys for Plaintiffs

By: _____
Mark D. Miller, Esq.

Dated: November 20, 2009

1

## DEFINITIONS

      A.     "Address" means the present or last known street name and number, city or town, state and zip code.

      B.     "Document" or "Documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any insurance policy, binder, or certification, book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, date sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), e-mail, magazine, booklet, circular, bulletin, instruction, minute, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum or agreement, assignment, license, book of account, order, invoice, statement, bill, including, but not limited to, telephone bills, check, voucher, tape recording, wire recording, transcript of recordings, drawing, photograph, video-tape, cat-recording, catalogue, brochure, any other data compilations from which information can be obtained and translated, if necessary, or any other written, recorded, transcribed, punched, taped, filed, or graphic matter, however produced or reproduced, to which you have or have had access.

      C.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and includes all correspondence or whatever sort and nature including letters, e-mails, instant messages, voice mails, and/or verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

      D.     "Person" or "persons" mean a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

      E.     "Identify" or "identification" means when used in reference to:

(1)     a natural person, his or her:

    (a)     full name;
    (b)     home address;
    (c)     business address; and
    (d)     present or last known position business affiliation, and job description.

(2)     a company, corporation, association, partnership or legal entity other than a natural person:

    (a)     its full name;
    (b)     a description of the type of organization or entity;
    (c)     the address of its principal place of business;
    (d)     the jurisdiction of incorporation or organization; and
    (e)     the date of incorporation or organization.

(3)     a document:

    (a)     its description (for example, letter, memorandum, report, etc.);
    (b)     its title;
    (c)     its date;
    (d)     the number of pages thereof;
    (e)     its subject matter;
    (f)     the identity of its author, signer, and any person who participated in its preparation;
    (g)     the identity of its addressee or recipient;
    (h)     the identity of each person to whom copies were sent and each person by whom copies were received;
    (i)     its present location; and
    (j)     the identity of its custodian.  (If any such document was, but is no longer, in the possession or is subject to the control of plaintiff, state what disposition was made of it and when.)

4.     a Communication:

    (a)     the date and time when it occurred;
    (b)     the places where it occurred;
    (c)     the complete substance of the communication;
    (d)     the identity of each person:
        (i)     to whom such communication was made;
        (ii)    by whom such communication was made; and
        (iii)   who was present when such communication was made.
    (e)     if by telephone:
        (i)     the identity of each person;
        (ii)    the place where each person participating in each call was located.
    (f)     the identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

F.      "You" or "Your" or "Defendant" means:  L. Gaye Torrance.

G.      "Party" or "Parties" means any or all parties to this litigation.

H.      "Plaintiff" shall mean the Plaintiff in this action.

## INSTRUCTIONS

1.      Each interrogatory shall be answered completely, separately and fully.   The answer to each interrogatory shall include such knowledge or information as is within the responding party's possession, custody and/or control, including, but not limited to knowledge, information and documents in the possession, custody, or control of any agents, servants, employees, independent contractors, or anyone acting on its behalf, including its attorneys. Where facts set forth, upon information and belief, rather than actual knowledge, the answer should so state, and specifically describe or identify the sources of such knowledge information or belief.  If the entire interrogatory cannot be answered, answer to the fullest extent possible, and specify what portion cannot be answered, stating whatever information You have concerning the unanswered portion.

2.      Each person consulted in answering any interrogatory shall be identified in the body of the answer to the particular interrogatory.

3.      The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the interrogatory inclusive rather than exclusive.

4.      The past tense shall be construed to include the present tense, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

6.      If any requested information or any document required to be identified by an interrogatory is objected to on the basis of privilege, attorney work product, or any other protection:

a.      State the precise nature of the privilege or any other protection claimed;

b.      State the basis for the privilege or another protection claimed relative to the specific information contained in the document;

c.      If the objection is based upon attorney work-product, state all facts contained within the document, deleting only opinion, theories, mental impressions and non factual statements;

d.      If an objection is asserted with respect to any information, identify each person who has knowledge of such information, or to whom such information has been communicated in any manner or fashion, at any time, whether or not privilege or any other protection is claimed with respect to such communication; and

e.      If privilege or other protection is asserted as to any document, identify such document in accordance with the definition of "identify" as set forth in definition E above.

7.      These interrogatories are continuing and require further and supplemental responses as provided in accordance with the Federal Rules of Civil Procedure.

# INTERROGATORIES FOR L.GAYE TORRANCE

1.      Identify by institution, account name, number, type and status (active or inactive) each and every financial account in existence at any time during the period 1998 to present for yourself, jointly with anyone else, and for any business account in which you had an interest or control over, to include, but not limited to, offshore accounts; Bermuda interests; banking, savings, investment and retirement accounts; partnerships of any kind; trust accounts, to include those on which you are the beneficiary, owner, and/or trustee.

2.      Identify the amount, terms and dates of any gift or loan and payback of same that John B. Sogliuzzo and/or you received individually or jointly for any reason whatsoever from Walter J. Sogliuzzo and/or Jane P. Sogliuzzo since your marriage date.

3.      Identify the amount, terms and dates of any gift or loan and payback of same that John B. Sogliuzzo and/or you received individually or jointly for any reason whatsoever from Mary T. Grimley since your marriage date.

4.      Identify the financial activities and relationships that you share with your husband, John B. Sogliuzzo.  Include the use or non-use of joint accounts and shared responsibilities for all liabilities, for example, payment of mortgages, taxes, debt, credit cards, bills, household and parental expenses, etc.  Explain specifically, <u>by year</u>, how these relationships changed over time.

5.      Identify the names and addresses of the accountants and tax preparers used by you and your businesses and partnerships from 1999 to the present.

6.      Explain the circumstances under which you and/or John began to pay your Federal and New Jersey State Income taxes in arrears.  Identify the sources of funds used to pay these back taxes, interest, and penalties, if any, and each of these amounts by year.

7.      Explain in detail your knowledge of John B. Sogliuzzo's handling of financial affairs of Jane P. Sogliuzzo and of Mary T. Grimley to include handling of both income and expenses.

8.      Quantify and describe your understanding of the amount of money and the disposition of the same that was found in Mary T. Grimley's Seventh Street Apartment and the one that she occupied at 1228 Bloomfield Street apartments.

9.      Identify all records of Mary T. Grimley and Jane P. Sogliuzzo and the disposition of the same that were taken from 1228 Bloomfield Street during your and John Sogliuzzo's visit on March 5, 2008.

10.     Identify each time you have entered 1228 Bloomfield Street since March 5, 2008; describe the purpose of each visit; identify all persons who were present with you, and identify any items that were removed on each occasion.

11.     Describe your and John Sogliuzzo's financial condition and "need" at the time checks were written on Jane P. Sogliuzzo's accounts to Pingry School to cover your children's tuition as well as the value of each of your children's education accounts at that time.

12.     Describe in detail your involvement with the establishment of, and transactions with, Jane P. Sogliuzzo's Alex Brown investment account as well as your prior and on-going relationship with H. Thompson Rodman.

13.     Describe the timing and the circumstances surrounding you and John's decision to keep separate bank accounts and to discontinue the use of joint accounts.

14.     Identify your annual income from all sources from 1999 to the present, and explain what portion of this income was used each year for joint and/or family expenses.

15.     Identify was your understanding of the annual amount of John B. Sogliuzzo's income from 1999 to 2008, the basis of these understandings, and the source of those earnings.

16.     Identify all litigation (arbitration, mediation and/or lawsuits) in which you or John have ever been a party to.  Explain and identify the circumstances, the court, the case name / number / citation, the parties involved and their counsels, and the disposition of such actions.

17.     Identify whether you or John B. Sogliuzzo ever defaulted on a loan or debt; filed for bankruptcy; or owned a business that became insolvent and/or defaulted on its debts.l.

18.     Identify any and all of Mary T. Grimley's savings account books, U.S. Savings Bonds, checkbooks, monthly bank statements and/or notebooks of bank statements, or other financial instruments at either of her apartments at Seventh Street Apartment and the one that she occupied at 1228 Bloomfield Street during 2002 or thereafter.

19.     Describe your direct usage (both via checks and bank cards) of the funds in you joint Bank of America account, each year, from 1999 to 2008.

20.     Explain the timing, circumstances and details of John B. Sogliuzzo's pursuit of a judgeship and your participation and cooperation in this effort.

21.     Identify your knowledge of the amounts of money transferred from the accounts of Jane P. Sogliuzzo and Mary T. Grimley by John B. Sogliuzzo from 1999 to 2008.

22.     Identify and detail all communications with H. Thompson Rodman you have had since September of 2007.

23.     Identify and detail all communications you have had with John B. Sogliuzzo regarding the events at issue in the case since September 2007.

24.     Identify and detail all communications you have had regarding the issues in the case with anyone.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing answers to Interrogatories are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that copies of any reports annexed hereto provided by proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said experts, written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____

Dated: December ___, 2009

# EXHIBIT B

The Beinhaker Law Firm
414 Westfield Avenue
Westfield, New Jersey 07090
Tel:  (908) 272-2232
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE E. ADKINS and CHARLIE ADKINS,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN B. SOGLIUZZO, ESQ., THE ESTATE OF MARY T. GRIMLEY, DEUTSCHE BANK, d/b/a ALEX BROWN, H. THOMPSON RODMAN, L. GAYE TORRANCE, TD BANK, N.A. and HAVEN SAVINGS BANK,<br><br>Defendants. | Civil Action No.: 2:09-cv-01123-SDW-MCA<br><br>Civil Action<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS UPON DEFENDANT, L. GAYE TORRANCE** |

**TO:**    John Leonard, Esq.
           McElroy, Deutsch, Mulvaney & Carpenter
           1300 Mount Kemble Avenue
           P.O. Box 2075
           Morristown, NJ

**SIR:**

    **PLEASE TAKE NOTICE**, that Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs, Jane

E. Adkins and Charles Adkins, respectfully demand that Defendant, L. Gaye Torrance, serve upon The

Beinhaker Law Firm, 414 Westfield Avenue, Westfield, New Jersey 07090, attorneys for the Plaintiffs,

copies of the requested documents pursuant to the Order of the Court.

                        The Beinhaker Law Firm
                        Attorneys for Plaintiffs

              By: _____
                        Mark D. Miller, Esq.

Dated:  November 20, 2009

## **DEFINITIONS**

As used herein, the terms listed below have the following meaning ascribed to them:

1.      Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      Document.  The term "document" means the original and all copies of any written, printed, typed, recorded or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

      (a)      all contracts, agreements, representations, warranties, certificates, and opinions;

      (b)      all letters or other forms of correspondence or communication, including envelopes, notes, telegrams, cables, telex messages and messages, reports, notes, notations and memoranda of or relating to telephone conversations or conferences;

      (c)      all memoranda, reports, test results, financial statements or reports, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports and consultants;

      (d)      all desk calendars, appointment books, pocket calendars, diaries or personal memoranda;

      (e)      all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

      (f)      all reports and summaries of interviews or negotiations;

      (g)      all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

      (h)      all motion pictures and photographs (whether developed or undeveloped), tape recordings, microfilm, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, print-outs, and other data compilations from which information can be obtained;

      (i)      drafts of any document, revisions of draft of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

      (j)      any non-identical copy of any document; and

      (k)      all information stored in any computer or in any magnetic or other medium.

3.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of hat person.

4.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

6.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.      Plaintiffs, You, Your, J. Adkins or C. Adkins.  The terms "Plaintiffs," "You," "Your," "J. Adkins" or "C. Adkins" shall mean Jane E. Adkins and/or Charlie Adkins, the Plaintiffs in the caption of this action, or any of their agents, partners, joint ventures, consultants, employees, attorneys, experts, investigators, accountants, and representatives acting within the scope of their actual, implied or apparent authority or persons acting or purporting to act on their behalf.

8.      Torrance.  The term "Torrance" shall mean L. Gaye Torrance, the Defendant in the caption of this action.

9.      Sogliuzzo.  The term "Sogliuzzo" shall mean John B. Sogliuzzo, Esq., the Defendant in the caption of this action.

10.      Grimley Estate.  The term "Grimley Estate" shall mean The Estate of Mary T. Grimley, the Defendant in the caption of this action.

11.      Alex Brown.  The term "Alex Brown" shall mean Deutsche Bank d/b/a Alex Brown, the Defendant in the caption of this action.

12.      Rodman.  The term "Rodman" shall mean H. Thompson Rodman, the Defendant in the caption of this action.

13.      TD Bank.  The term "TD Bank" shall mean TD Bank, N.A., the Defendant in the caption of this action.

14.      Haven.  The term "Haven" shall mean Haven Savings Bank, the Defendant in the caption of this action.

## INSTRUCTIONS

1.      In producing the documents designated below, you are requested to furnish all documents known or available to you regardless of whether a document is currently in your possession, custody or control, or that of your attorneys, employees, agents, investigators or other representatives, or is otherwise available to you.

2.      Produce all documents in a form that accurately reflect how they are maintained by you in the normal course of business, including but not limited to the following:

      (a)      that all associated file labels, file headings and file folders be produced together with the responsive documents for each file and that each file be identified as to its owner or custodian.

      (b)      that all pages not stapled or fastened together be produced stapled or fastened together; and

      (c)      that all documents which cannot be legibly copied be produced in their original form.

3.      For any reason you are unable to produce in full any document requested:

      (a)      produce each such document to the fullest extent possible;

      (b)      specify the reasons for your inability to produce the remainder; and

      (c)      state in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

4.      If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

      (a)      the type of document;

      (b)      the types of information contained therein;

      (c)      the date upon which it ceased to exist;

      (d)      the circumstances under which it ceased to exist;

      (e)      the identity of all person having knowledge of the circumstances under which it ceased to exist; and

      (f)      the identity of all persons having knowledge or who had knowledge of the contents thereof.

5.      For each document requested which you are unable to produce and which was at anytime within your possession, custody or control, or to which you had access at anytime, specify in detail:

      (a)      the nature of the document (i.e., letter, memorandum, etc.);

      (b)      the author of the document;

(c)     all recipients of the document and any copy thereof;

(d)     a summary of the information contained in the document;

(e)     the date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

(f)     identify all persons having knowledge of the circumstances whereby you lost, relinquished or otherwise ceased to have possession, custody or control of, or access to the documents; and

(g)     identify all persons who have or have had knowledge of the contents of the document, in full or in part.

6.      In the event you seek to withhold or do withhold any document, in whole or in part on the basis that it is not subject to discovery, produce a list of such documents and, as to each document, state:

(a)     the name of each author, writer, sender or initiator of each such document;

(b)     the name of each recipient, addressee or party to whom such document was sent or intended to be sent;

(c)     the name of each and every person who received a copy of the document;

(d)     the date of the document, or if no date appears on the document, the date the document was prepared;

(e)     the title of the document, or if it had no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

(f)     the grounds claimed for withholding the document from discovery (e.g., attorney-client privilege, work product, or any other grounds) and the factual basis of such a claim.  If you intend to withhold information that is otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, you shall make the claim expressly and shall describe the nature of the document, communications, or things not produced or discovered in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.

## <u>DOCUMENT REQUEST TO L. GAYE TORRANCE (LGT)</u>

A. Please provide copies of the most recent bank statements for all of your personal, business and joint accounts; to include banking, savings, investment and retirement accounts.

B. Please provide copies of any and all documents within your possession or access on which you believe contain an authentic signature of Mary T. Grimley.

C. Please provide copies of any document which you maintain supports your testimony that Mary T. Grimley intended to treat you so specially such that you would be the only individual to whom she gave a cash gift, via a direct check to you for $20,000.

D. Please provide copies of any documents within your possession or access which show that Mary T. Grimley gave any friends and/or relatives gifts in excess of $1,000.

E. Please provide copies of any documents within your possession or access which show where the following monies were deposited, kept or used:  the cash found in Mary T. Grimley's apartments; the cash generated by Mary T. Grimley's checks made out to cash between 2002 – 2006; the "cash-back" generated by withdrawals from Mary T. Grimley's savings assets, the "cash-back" generated by redemption of Mary T. Grimley's U.S. Savings Bonds; the "cash-back" generated by Jane P. Sogliuzzo's checks to cash between 1999 – 2008; and the "cash-back" generated by withdrawals from Jane P. Sogliuzzo's savings accounts between 1999 – 2008.

F. Please provide copies of all individual and joint financial statements prepared for any reason for submission to any party from 1999 to the present, to include, but not limited to, those statements submitted with applications for lines of credit, mortgage re-financing auto or other loans / leases, etc., and with any forbearance agreements with all other creditors and institutions, to include Federal and N.J. State taxing authorities, if any.

G. Please provide copies of any and all documents which may serve as evidence that you and John B. Sogliuzzo are, as you contend, keeping separate your financial activities, assets and liabilities.

H. Please provide copies of backup documents (invoices, calculations, etc.) which explain the reasons for, and the amounts or, all checks interchanged between you and John B. Sogliuzzo and between John B. Sogliuzzo and any of your companies from 2004 to the present.

I. Please provide copies of your annual Federal and N.J. State joint tax returns for 1999 to 2008 with all supporting schedules and all income supporting documents, such as W-2's and 1099's; annual interest and dividend and partnership earnings (K-1's) etc.

J. Please provide copies of each and every lien (and the release thereof) that has been placed on your individual or joint assets from 2000 to the present.

K.  Please provide copies of your most recent credit reports.

L.  Please provide copies of any police or litigation complaints initiated by you from 1999 to the present.

M.  Please provide copies of any and all documents demonstrating your individual financial contributions to pay your share of your joint liabilities with John B. Sogliuzzo.  Include, for example, copies of checks from your individual or business accounts to pay for joint income and property tax liabilities; payments for jointly-held mortgages, loans, liens of credit, etc.; payments for joint family household and parental obligations, etc.

N.  Please provide copies of any and all documents within your possession or access that are related in any way to the income, expenses and/or financial assets of Mary T. Grimley between 2000 – 2006.

O.  Please provide copies of any and all documents within your possession or access that are related in any way to the income, expenses and/or financial assets of Jane P. Sogliuzzo between 1999 – 2008.

P.  Please provide copies of all checks, or evidence of checks, that you and/or John B. Sogliuzzo wrote as repayment to Mary T. Grimley from 1987 – 2006.

Q.  Please provide copies of all checks, or evidence of checks, that you and/or John B. Sogliuzzo wrote as repayment to Jane P. Sogliuzzo from 1984 – 2008.

R.  Please provide copies of any and all documents or written correspondence between you and Mary T. Grimley from 1987 – 2006.

S.  Please provide copies of any and all documents or written correspondence between you and Jane P. Sogliuzzo from 1984 to 2008.