NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE E. ADKINS, et al., | Civil Action No. 09-cv-1123 (SDW) |
| Plaintiffs, | |
| v. | **OPINION** |
| JOHN B. SOGLIUZZO, et al., | |
| Defendants. | September 15, 2011 |

**WIGENTON**, District Judge.

Before the Court is plaintiffs' Jane E. Adkins and Charles Adkins ("Plaintiffs") appeal of the following orders by United States Magistrate Judge Madeline Cox Arleo: 1) May 20, 2011 order granting defendant John B. Sogliuzzo ("Sogliuzzo") a protective order for post-July 2009 records held by Bank of America and Hilltop Community Bank ("May 20, 2011 Order"); and 2) June 29, 2011 order denying in part the Plaintiffs' renewed motion to compel defendant Gaye Torrance ("Torrance") to produce financial documents for her personal and business financial accounts ("June 29, 2011 Order"). These appeals are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below this Court **DENIES** Plaintiffs' appeals and **AFFIRMS** Magistrate Judge Arleo's May 20, 2011 Order and June 29, 2011 Order.

**PROCEDURAL HISTORY**

A brief summary of the procedural history relevant to this matter will be provided. On March 12, 2009, Plaintiffs filed a complaint against Sogliuzzo, Torrance, and several

1

other named defendants.  (Compl., Mar. 12, 2009.)  On April 2, 2009, Plaintiffs filed an amended complaint, and on September 25, 2009, Plaintiffs filed a second amended complaint with thirty-six counts alleging, among other things, breach of fiduciary duty, attorney malpractice, fraudulent conveyance, misappropriation, theft, undue influence and mismanagement of funds from the estates of Mary T. Grimley and Jane P. Sogliuzzo ("Second Amended Complaint" or "Am. Compl.").  (Am. Compl., Sep. 25, 2009.)

**Motion to Quash or for a Protective Order**

On April 15, 2011, Sogliuzzo filed a motion to quash the subpoenas served upon Hilltop Community Bank and Bank of America seeking Sogliuzzo's financial records beyond July 2009, or in the alternative, for a protective order to prevent the disclosure of the records sought ("Motion to Quash").  (Def.'s Mot. to Quash, Apr. 15, 2011.)  On May 16, 2011, a hearing was held before Magistrate Judge Arleo.  On May 20, 2011, Judge Arleo issued the May 20, 2011 Order granting Sogliuzzo's request for a protective order, barring Plaintiffs' access to financial information post-July 2009 from the two financial institutions, for good cause shown and the reasons set forth on the record at the May 16, 2011 hearing.  (May 20, 2011 Order, at 1.)  On June 7, 2011, Plaintiffs filed their motion appealing the May 20, 2011 Order.  (Pls.' Br., Jun. 7, 2011.)

**Renewed Motion to Compel**

On June 7, 2011, Plaintiffs filed a renewed motion to compel Torrance to produce personal and business financial records ("Renewed Motion to Compel").  (Pls. Mot. to Compel, at 3, June 7, 2011.)  On June 29, 2011, following a hearing, Magistrate Judge Arleo issued the June 29, 2011 Order denying Plaintiffs' Renewed Motion to Compel, but directing Torrance to produce to Plaintiffs' counsel redacted bank statements for all

accounts in her name that reflect cash deposits of $1,000.00 or more from January 1, 2002 through February 4, 2008. (June 29, 2011 Order, at 1.) On July 14, 2011, Plaintiffs filed the motion appealing the June 29, 2011 Order. (Pls.' Br., July 14, 2011.) Specifically, Plaintiffs want Torrance to produce: "a) identification of all income for the period 2000 through 2006; b) bank statements for personal and business accounts for the period of 2000 through 2006; and (c) joint and business income tax returns for the period 2000 through 2006." (Pls.' Br. 4.)

**LEGAL STANDARD**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A Magistrate Judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

**DISCUSSION**

Federal Rule of Civil Procedure 26 defines the methods, scope, limits, and process of discovery. As stated by Rule 26(b), the scope of discovery extends to, "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b) also states that, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Further, a court must limit the extent of discovery otherwise allowed by Rule 26 if it determines that, "the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(C)(iii). "Discovery, like all matters of procedure, has ultimate and necessary boundaries. Discovery of matter[s] not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund, Inc. et al. v. Irving Sanders et al.*, 437 U.S. 340, 351-352 (1978) (internal citation omitted). As the Third Circuit stated in *Bayer AG* v. *Betachem*, "[a]lthough the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed. . . . The Federal Rules of Civil Procedure expressly allow a district court to use its discretion and deny discovery requests if the material sought is "unreasonably cumulative." 173 F.3d 188, 191 (3d Cir. 1999) (internal citations omitted).

**May 20, 2011 Order Granting a Protective Order**

At the May 16, 2011 hearing for the Motion to Quash, Magistrate Judge Arleo noted that the events out of which the claim arises were part of "a continuum of events that [went] from '05, '06, '07, '08." (Mag. J. Arleo Hr'g Tr., 30:3-4, May 16, 2011) ("May 16, 2011 Hr'g Tr.") Judge Arleo also noted that Plaintiffs already had records

4

from Sogliuzzo's bank accounts through July 2009.  Given the amount of information Plaintiffs had from Sogliuzzo, Judge Arleo stated that, "[t]o now look at records from '09 and '10 and '11 to see if there's a cash deposit so far after the events of wrongdoing, seems so far removed in scope that you get to a point where you have to say discovery has to have some logical cut-off." (*Id.* at 30:11-15.)

Judge Arleo found Plaintiffs' request for additional information unreasonably cumulative and that the records sought by Plaintiffs are not reasonably likely to lead to admissible evidence.  (May 16, 2011 Hr'g Tr. 30:21-24)  Further, Judge Arleo determined that Plaintiffs requests were "extremely remote and almost frivolous" and the burden imposed was "great." (*Id.* at 30:24, 35:16.)

Federal Rule of Civil Procedure 45(c) states in relevant part that a court, "must quash or modify a subpoena that . . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).  It is the responsibility of the Court to issue protective orders which justice requires to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pearson v. Miller*, 211 F.3d 57, 73 (3d. Cir. 2000) ("Legitimate interests in privacy are among the proper subjects of this provision's protection.").

"Where . . . . the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Comm. and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).  Judge Arleo's decision to grant Sogliuzzo a protective order and issue the May 20, 2011 Order was not clearly erroneous or contrary to law given her findings.  It

was not an abuse of discretion and therefore, deference shall be given to Judge Arleo's ruling.

**June 29, 2011 Order Denying in Part the Motion to Compel**

Judge Arleo's June 29, 2011 Order denied in part Plaintiffs' Renewed Motion to Compel and limited Plaintiffs' discovery to redacted bank statements for all of Torrance's financial accounts in her name that reflect cash deposits of $1,000.00 or more from January 1, 2002 through February 4, 2008. (June 29, 2011 Order, at 1.) At the hearing, Judge Arleo noted that the additional financial information requested by Plaintiffs was "not going to show whether [Torrance] misappropriated money." (Mag. J. Arleo Hr'g Tr. 22:22 to 23:15, June 29, 2011) ("June 29, 2011 Hr'g Tr.").

In responding to Plaintiffs' argument that the additional discovery requested would prove motive, Judge Arleo pointed out that Plaintiffs already obtained ample discovery regarding financial information, including other financial records and bankruptcy information, to show motive. (June 29, 2011 Hr'g Tr. 22:16 to 23:3, 23:16 to 24:6, 25:6-25.) In addition to finding that the discovery requested was outside the relevant time period, Judge Arleo determined that the benefit of producing the additional discovery, if any, would not outweigh the burden, stating: "discovery [of] 10 years of [Torrance's] financial life through her businesses and her personal life . . . is really far afield from what [is] need[ed] to prove the case." (*Id.* 24:7-13.) The financial records requested are personal and "highly confidential," and therefore, Judge Arleo chose to "draw[] the line" and limit discovery. (*Id.* at 26:1-7.) In addition, although punitive damage claims are not specifically the focus of the appeal before this Court at this time,

as Judge Arleo noted, it is highly probable that punitive damage claims will be bifurcated. (June 29, 2011 Hr'g Tr. 21:1-12; *see also* Pls.' Br. 31.)

Judge Arleo's decision to limit discovery to cash deposits of $1,000 or more from January 1, 2002 to February 4, 2008 in a matter regarding the misappropriation of hundreds of thousands of dollars reflects sound discretion. A magistrate judge's order is reviewed under an abuse of discretion and clearly erroneous standard. *See Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). Judge Arleo's June 29, 2011 Order and reasoning on the record was not clearly erroneous or contrary to law. Further, Judge Arleo did not abuse her discretion. Thus, deference shall be given to Judge Arleo's decision.

**CONCLUSION**

The Court therefore **AFFIRMS** Magistrate Judge Arleo's May 20, 2011 Order and June 29, 2011 Order and **DENIES** Plaintiffs' appeals.

                                                              s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:     Judge Arleo
        Parties