NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE E. ADKINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN B. SOGLIUZZO, et al., <br><br> Defendants. | Civil Action No. 09-cv-1123 (SDW) <br><br><br> **OPINION** <br><br><br> October 24, 2011 |

**WIGENTON**, District Judge.

Before the Court is plaintiffs', Jane E. Adkins and Charles Adkins (collectively "Plaintiffs"), appeal of the July 13 2011 Order of United States Magistrate Judge Madeline Cox Arleo ("July 13, 2011 Order") regarding discovery requested by defendant TD Bank N.A. ("TD Bank"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, this Court **DENIES** Plaintiffs' appeal and **AFFIRMS** Magistrate Judge Arleo's July 13, 2011 Order.

**PROCEDURAL HISTORY**

A brief summary of the procedural history relevant to this matter will be provided. On March 12, 2009, Plaintiffs filed a complaint against John B. Sogliuzzo, Gaye Torrance, and several other named defendants, including TD Bank. (Compl., Mar. 12, 2009.) On April 2, 2009, Plaintiffs filed an amended complaint, and on September 25, 2009, Plaintiffs filed a second amended complaint with thirty-six counts alleging, among other things, breach of fiduciary duty, attorney malpractice, fraudulent conveyance,

1

misappropriation, theft, undue influence and mismanagement of funds from the estates of Mary T. Grimley and Jane P. Sogliuzzo ("Second Amended Complaint" or "Am. Compl."). (Am. Compl., Sep. 25, 2009.) Plaintiffs named "Hudson Bank n/k/a TD Bank" and alleged that TD Bank was where Jane Sogliuzzo performed her banking and that TD Bank allowed "John B. Sogliuzzo to make numerous withdrawals and transfers from Jane Sogliuzzio's savings accounts without verifying that he was authorized to do so" or that a Power of Attorney was on record. (Am. Compl. ¶¶ 375, 378, 379.) In addition, Plaintiffs alleged that TD Bank cleared forged checks. (*Id.* ¶ 380.) As such, Plaintiffs asserted claims, including negligence and breach of fiduciary duties, against TD Bank. (*See generally* Am. Compl.)

Adkins & Company ("Adkins & Co."), of which plaintiff Charles Adkins ("Mr. Adkins") is a principal, was retained by plaintiff Jane Adkins (Mr. Adkins' wife) and their counsel, as a consultant. TD Bank requested that Magistrate Judge Arleo compel discovery of all invoices of Adkins & Co. "relating to the Jane Sogliuzzo probate matter, the Mary Grimley probate matter and/or this federal litigation. . . ." (July 13, 2011 Order at 1.) Plaintiffs opposed this request. Magistrate Judge Arleo considered submissions filed since a hearing held on June 29, 2011, and had further oral arguments on the matter on July 12, 2011. In the July 13, 2011 Order, Magistrate Judge Arleo granted TD Bank's request.

**LEGAL STANDARD**

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A Magistrate Judge's disposition on a non-dispositive motion may be modified or set aside if the ruling was

"clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 364 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). On the other hand, an order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

**DISCUSSION**

Federal Rule of Civil Procedure 26 defines the methods, scope, limits, and process of discovery. As stated by Rule 26(b), the scope of discovery extends to, "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b) also states that, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Pursuant to Rule 26(b)(3) ". . . . the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Notably, "[a]ttorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the [work product] doctrine protect materials prepared by agents of the attorney as well as those prepared by the attorney himself." *In re Cendant Corp.*

3

*Securities Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (citing *United States v. Nobles*, 422 U.S. 225, 238-39 (1975).

In TD Bank's opposition to Plaintiffs' appeal, TD Bank argues that "Plaintiffs have produced discovery confirming that Ms. Adkins has depleted [the] Estate account by more than $550,000. Ms. Adkins' payments to her husband's company reek of self-dealing, diminish TD Bank's ability to recover from John Sogliuzzo in the event that it is successful on its Crossclaim and call into question the credibility of Charlie Adkins as a witness." (Def.'s Opp'n Br. 3.) Further, TD Bank argues its attorneys are entitled to review the invoices in detail during the deposition of Mr. Adkins. (*Id.* at 7.)

Plaintiffs argue that TD Bank can rely on summary invoices that are already in TD Bank's possession and that Plaintiffs are entitled to the protection of the attorney work product doctrine. (*See* Pl.'s Br. 8, Ex. 5 at Ex. A.) Citing Federal Rule of Civil Procedure 26(b)(3), Plaintiffs also argue that the work product provisions, which protect the thought processes of attorneys, apply in the instant matter. Plaintiffs assert that there was no disclosure of the invoices to third parties and that a privilege log would not be necessary as there is no *relevant* discovery to be identified that may be protected. (*See* Pl.'s Reply Br. 5-6.)

After reviewing the parties' papers, the record and hearing oral arguments, Judge Arleo found that the attorney work product doctrine did not apply to the Adkins & Co. invoices at issue. Judge Arleo addressed several factors on the record when coming to her decision. Payments were made out of the estate for $550,000, of which over $300,000 allegedly were to Adkins & Co. (July 12, 2011 Hearing before Magistrate Judge Arleo ("July 12, 2011 Hearing" or "July 12, 2011 Hr'g") 9:20-10:13.) As Judge

Arleo noted, the invoices are related to the credibility of Mr. Adkins and possibly to the cross-claim of TD Bank, and thus, they are relevant. (July 12, 2011 Hr'g 18:21-25.) Although not dispositive, Mr. Adkins did not submit a certification in support of Plaintiffs' arguments regarding the work product privilege, despite Judge Arleo specifically inviting such documentation. (*Id.* at 7:18-20; 16:21-24.) As mentioned, no privilege log was submitted regarding the Adkins & Co. invoices or identifying the nature of the information on the invoices that was withheld. (*Id.* at 18:13-17; Def.'s Opp'n Br. 10.)

As noted by Judge Arleo, Mr. Adkins' role as a witness in this case is one of an individual "who was once a testifying expert, somehow morph[ed] into a fact witness, who's nonetheless going to testify on expert-like topics and submit a bill. . . ." (July 12, 2011 Hr'g 9:1-4.) In the instant matter, Mr. Adkins is no longer being presented as an expert witness, but he will be testifying in this case based on knowledge he gained from reviewing relevant documents. (*See id.* at 11:21-24; 13:7-17; 17:9-20.) Judge Arleo found that given Mr. Adkins' role as a party to the case and a former expert witness, it is difficult to imagine that the invoices for work he performed via Adkins & Co. would not be relevant. (*See* June 29, 2011 Hearing before Magistrate Judge Arleo ("June 29, 2011 Hr'g") 52:15-53:16; 54:7-21.)

This is an unusual set of circumstances and Plaintiffs have not clearly articulated how the attorney work product privilege applies in this instance to the invoices of Adkins & Co. The invoices are relevant to the credibility of Plaintiffs and in the event that

reimbursement is sought. (*See* July 12, 2011 Hr'g 15:4-14.)[1]   Plaintiffs have not demonstrated a basis for the work product privilege. [2]

Even if this Court were persuaded that some components of the invoices are protected by the attorney work product privilege, any such privilege has been waived. "[T]he work product doctrine is not an absolute bar to discovery of materials prepared in anticipation of litigation." *In re Cendant Corp. Securities Litig.*, 343 F.3d at 663.  In *Quinn Const., Inc. v. Skanska USA Bldg., Inc.*, the court held "when a party provides attorney work product to a testifying expert and that information is 'considered' by the expert and becomes subject to the disclosure requirements of Rule 26(a)(2)(B), then the protection from disclosure ordinarily given to attorney work product is waived and the information must be disclosed." 263 F.R.D. 190, 196-97 (E.D.Pa. 2009) (internal citation omitted).  As noted, Mr. Adkins is no longer a testifying expert witness, but he will be testifying regarding many of the same issues for which he was initially identified as an expert.  Further, as noted by TD Bank and Judge Arleo, it appears that this information will be submitted in the probate matter and to other third parties for matters related to the estate, including possible reimbursement to Jane Sogliuzzo for the same.  (*See* July 12, 2011 Hr'g 5:12-19; 7:21-9:13; 16:15-20; *see also* June 29, 2011 Hr'g 62:22-25.)  Thus, any possible privilege is waived.

A magistrate judge's order is reviewed under an abuse of discretion and clearly erroneous standard.  *See Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59,

---

[1] This Court notes that, as Judge Arleo quoted a footnote in Plaintiffs' brief, "Jane Adkins can of course ask the Court for reimbursement of expenses she incurred as part of her duties, which right she reserves." (July 12, 2011 Hr'g 5:23-25.)  This would include the payments made to Adkins &Co.

[2] Plaintiffs also have not clearly set forth a basis for redacting the Adkins & Co. invoices in this litigation. (*See* Pl.'s Reply Br. 7.)  In addition, the summary of the invoices suggested by Plaintiffs as an alternative, does not provide the information TD Bank seeks regarding the work Mr. Adkins performed and billed as it relates to Mr. Adkins' credibility and any cross-claims of TD Bank. *See generally* Fed. R. Civ. P. 26(b)(3).

68 (D.N.J. 2000). As discussed, Judge Arleo's July 13, 2011 Order, and reasoning on the record, was not clearly erroneous or contrary to law. Further, Judge Arleo did not abuse her discretion. Thus, deference shall be given to Judge Arleo's decision.

**CONCLUSION**

The Court therefore **AFFIRMS** July 13, 2011 Order and **DENIES** Plaintiffs' appeal.

                                                              s/Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:     Judge Arleo
        Parties