NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANE E. ADKINS, et al.,

                  Plaintiffs,

    v.

JOHN B. SOGLIUZZO, et al.,

                  Defendants.

Civil Action No. 09-1123 (SDW) (LDW)

OPINION

April 25, 2016

**WIGENTON,** District Judge.

Before the Court is a matter on remand from the Third Circuit Court of Appeals concerning the narrow issue of what damages, if any, to award to Plaintiff Jane E. Adkins ("Plaintiff"). *See Adkins v. Sogliuzzo*, 625 F. App'x 565 (3d Cir. 2015). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **DENIES** Plaintiff's request for damages.

I.     FACTUAL AND PROCEDURAL HISTORY[1]

    **A. Factual History**

This Court writes primarily for the parties and discusses only the facts and procedure relevant to the issue to be addressed on remand. In 2002, Plaintiff and her brother, Defendant John

---

[1] Unless otherwise noted, the facts set forth in this Opinion are taken from parties' submissions, the underlying record, and previous opinions in the case from this Court and the Third Circuit.

1

B. Sogliuzzo ("Defendant"), along with their spouses, recovered approximately $70,000 in cash from their elderly relative Mary Grimley's ("Grimley") home. According to Plaintiff, she and Defendant informed Grimley of the discovery, and Defendant said he would deposit the cash into Grimley's bank account.

Defendant, an attorney, managed banking and finances for Grimley and held a power of attorney for her bank accounts until Grimley's death in 2006. From 2004 to 2006, $321,040.05 in bonds were redeemed from Grimley's accounts. Plaintiff alleges that some of these funds, as well as checks drawn on Grimley's bank accounts, were deposited into accounts shared by Defendant and his wife. Plaintiff and Defendant are both beneficiaries of Grimley's estate, and Defendant was the executor of the estate until Plaintiff took over the position in the summer of 2008.

### B. Procedural History

Plaintiff initiated this lawsuit on March 12, 2009, suing Defendant and others, based upon Defendant's allegedly unlawful mismanagement of the finances of their mother Jane Sogliuzzo and Grimley. Following a five-day bench trial, this Court issued Findings of Fact and Conclusions of Law, *Adkins v. Sogliuzzo*, No. 09-CV-1123, 2014 WL 1343065 (Apr. 4, 2014), in which it found, *inter alia*, that Defendant was liable for undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation with respect to Grimley and the Grimley estate.

However, although this Court "acknowledge[d] that [Defendant's] relationship with Grimley [met] the definition of a confidential relationship," and "accept[ed] that there were irregularities with the redemption of [Grimley's savings] bonds," it concluded that Plaintiff failed "to demonstrate that these bonds were deposited or used by [Defendant]." *Id.* at *7. With respect to the approximately $70,000 cash found in Grimley's home, although it noted that "the inference of mismanagement or misuse is evident," this Court again found that Plaintiff "did not demonstrate

2

that [Defendant] retained the cash for personal use or misappropriated the funds." *Id.* For these reasons, this Court deferred to the probate court[2] for the calculation of damages. On appeal, the Third Circuit affirmed this Court's judgment with respect to liability, but reversed and remanded for this Court to make a determination with respect to damages. *Adkins v. Sogliuzzo*, 625 F. App'x at 574. The Third Circuit instructed this Court to "make explicit findings with respect to damages in this action." *Id.* As the issue of damages was explicitly addressed at trial, this Court has not held a separate damages hearing, but has reviewed Proposed Findings of Fact and Conclusions of Law submitted by the parties. (Dkt. Nos. 376, 378.)

## II.  DISCUSSION

Although this Court found that Defendant had a confidential relationship with Grimley, creating a presumption of undue influence sufficient to support a finding of liability, *Adkins v. Sogliuzzo*, 2014 WL 1343065, at *7, Plaintiff's failure to prove a gift or transfer of the cash or bonds at issue to Defendant prevents this Court from awarding her damages.

"[A] valid gift has three elements. First, the donor must perform some act constituting the actual or symbolic delivery of the subject matter of the gift. Second, the donor must possess the intent to give. Third, the donee must accept the gift." *Pascale v. Pascale*, 549 A.2d 782, 786 (N.J. 1988) (citing R. Brown, *Personal Property* § 7.1, at 77-78 (2d ed. 1975)). New Jersey cases also recognize an additional element, the "absolute and irrevocable relinquishment by the donor of ownership and dominion over the subject matter of the gift." *In re Dodge*, 234 A.2d 65, 77 (N.J. 1967); *see Pascale*, 549 A.2d at 786.[3]

---

[2] Plaintiff, acting as executrix of Grimley's estate, sued Defendant for undue influence over Grimley in the Superior Court of New Jersey, Chancery Division, Probate Part, Hudson County, but that litigation is stayed pending the resolution of this case.

[3] After it is established that an *inter vivos* gift has been made, the court determines if the donee exerted undue influence over the donor sufficient to void the gift. *See In re Dodge*, 234 A.2d at 83; *Pascale*, 549 A.2d at 786-88

In the present matter, with respect to the approximately $70,000 in cash recovered from Grimley's apartment, Plaintiff failed to provide an accounting or other admissible evidence that Defendant retained the cash for personal use or misappropriated the funds, thus failing to establish the requisite acceptance and dominion over the money by the Defendant. With respect to the redeemed bonds, Plaintiff again failed to prove that Grimley gave a gift or made any type of transfer to Defendant. Plaintiff's testimony regarding the authenticity of Grimley's signature was insufficient to establish whether or not Grimley had authorized Defendant to sign on her behalf and redeem the bonds, thus failing to establish the requisite symbolic delivery and relinquishment of ownership of the bonds. Even if Grimley had authorized Defendant to redeem the bonds, Plaintiff presented no admissible evidence at trial to demonstrate that the bonds were deposited or used by Defendant.

As Plaintiff acknowledged at trial, Defendant's invocation of the Fifth Amendment cannot be the sole basis for a finding of liability. Nor can it be the sole basis for an award of damages. Much of Plaintiff's evidence was not admissible at trial.[4] That which was admissible, in conjunction with the adverse inference granted against Defendant on the basis of his invocation of his Fifth Amendment privilege, was sufficient to support a finding of liability, but not a finding of damages. Moreover, this Court's conclusion that Plaintiff presented insufficient evidence to support damages is not inconsistent with its finding of liability. *See Adkins v. Sogliuzzo*, 625 F.

---

(stating that where a confidential relationship exists between a donor and a donee, a "presumption of undue influence arises," which then shifts the burden to the donee to show "by clear and convincing evidence not only that 'no deception was practiced therein, no undue influence used, and that all was fair, open and voluntary, but that it was well understood.'") (quoting *In re Dodge*, 234 A.2d at 83).

[4] Much of Plaintiff's evidence at trial, including Grimley's financial records and an accounting of Defendant's affairs managing her finances, was not provided in accordance with the Federal Rules of Evidence. *Adkins v. Sogliuzzo*, 2014 WL 1343065, at *5. Specifically, Plaintiff's forensic accounting expert, Meghan Callen, was not able to testify regarding the accuracy of certain financial records and statements. *Id.* at n.5.

App'x at 574 (citing *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 173 F. App'x. 178, 180 (3d Cir. 2006)).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for damages is **DENIED**. An appropriate order follows.

                        s/ *Susan D. Wigenton*
                        **SUSAN D. WIGENTON**
                        **UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Leda Dunn Wettre, U.S.M.J.
      Parties