UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 24, 2019

Mark D. Miller, Esq.
Dubeck & Miller
122 Washington Street
Morristown, NJ 07960
*Counsel for Plaintiffs*

John B. Sogliuzzo, Esq.
Law Offices of John B. Sogliuzzo
658 Ridgewood Road
Maplewood, NJ 07040
*Pro se Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** Adkins v. Sogliuzzo, et al.
Civil Action No. 09-1123 (SDW) (LDW)

Counsel:

Before the Court is a matter on remand from the Third Circuit Court of Appeals for a determination of damages. *See Adkins v. Sogliuzzo*, 696 F. App'x 62 (3d Cir. 2017). This Court having considered the parties' submissions,[1] having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **GRANTS** Plaintiff's request for damages.

## DISCUSSION

A.

This Court writes primarily for the parties and discusses only the facts and procedure relevant to the issue to be addressed on remand. In 2002, Plaintiff Jane E. Adkins ("Plaintiff) and her brother, Defendant John B. Sogliuzzo ("Defendant"), along with their spouses, recovered approximately $70,000 in cash from their elderly relative Mary Grimley's ("Grimley") home. According to Plaintiff, she and Defendant informed Grimley of the discovery, and Defendant said he would deposit the cash into Grimley's bank account. Defendant, an attorney, managed banking

---

[1] This includes previously submitted findings of fact and conclusions of law. (*See* D.E. 376, 378.)

and finances for Grimley and held a power of attorney for her bank accounts until Grimley's death in 2006. From 2004 to 2006, $321,040.00 in bonds were redeemed from Grimley's accounts. Plaintiff alleges that some of these funds, as well as checks drawn on Grimley's bank accounts, were deposited into accounts shared by Defendant and his wife. Plaintiff and Defendant are both beneficiaries of Grimley's estate, and Defendant was the executor of the estate until 2008.

On March 12, 2009, Plaintiff sued Defendant and others, alleging that Defendant unlawfully mismanaged Grimley's finances. At trial, this Court found Defendant liable for undue influence, breach of fiduciary duty, negligence, fraud, and misrepresentation with respect to Grimley and the Grimley estate, and deferred to the probate court for the calculation of damages.[2] *Adkins v. Sogliuzzo*, 2014 WL 1343065 (D.N.J. Apr. 4, 2014). On appeal, the Third Circuit affirmed this Court's judgment with respect to liability, but remanded for this Court to "make explicit findings with respect to damages in this action." *Adkins v. Sogliuzzo*, 625 F. App'x 565, 574 (3d Cir. 2015). On remand, this Court held that although Defendant "had a confidential relationship with Grimley, creating a presumption of undue influence sufficient to support a finding of liability, Plaintiff's failure to prove a gift or transfer of the cash or bonds at issue to Defendant" prevented this Court from awarding Plaintiff damages as to her undue influence claim. *Adkins v. Sogliuzzo*, 2016 WL 1643406, at *2 (D.N.J. Apr. 25, 2016). On appeal, the Third Circuit found that this Court's "denial of damages rests on the conclusion that the Plaintiff failed to sufficiently prove that an *inter vivos* gift or transfer occurred – a conclusion that contradicts an element already necessarily established" by this Court's finding that Defendant was liable for undue influence, and remanded for a determination of damages on that claim or "insofar as the Plaintiff is not entitled to damages for her undue influence claim" instructing this Court "to consider Plaintiff's claims of breach of fiduciary duty, negligence, fraud, and misrepresentation . . .." *Adkins*, 696 F. App'x at 66.

B.

As the Third Circuit has indicated, in finding Defendant liable for undue influence over Grimley, this Court necessarily presumed that the *inter vivos* transfers from Grimley to Sogliuzzo were unlawful. *Adkins,* 2014 WL 1343065 at *7. Consequently, Defendant bore the burden to establish that the funds were used for Grimley's benefit in order to rebut that presumption. *See Adkins*, 696 F. App'x at 66 n.22. Defendant failed to do so.[3] Rather, the ultimate use of the $70,000.00 in cash taken from Grimley's home and the $321,040.00 in redeemed savings bonds was never determined. However, the presumption that those transfers were unlawful requires that, absent more, Grimley's estate be awarded damages in the amount of $391,040.00 plus prejudgment interest.[4]

---

[2] Plaintiff, acting as executrix of Grimley's estate, sued Defendant for undue influence over Grimley in the Superior Court of New Jersey, Chancery Division, Probate Part, Hudson County, but that litigation is stayed pending the resolution of this case.

[3] Defendant's invocation of his Fifth Amendment rights protects him from being forced to give compelled testimony, but did not preclude him from introducing evidence that would show that the funds at issue were used for Grimley's benefit. *See, e.g.*, *U.S. v. Hubbell*, 530 U.S. 27, 34-35 (2000) (noting that the "privilege against self-incrimination" applies only to compelled testimony).

[4] This Court also notes that damages would be the same under the other claims for which Defendant was found liable, as the loss to Grimley's estate pursuant to any of those claims is the amount of funds that were unaccounted for and which had not been used for Grimley's benefit. *See, e.g.*, *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 610-11 (N.J. 1997) (including damages in the elements for fraud); *Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d

2

**CONCLUSION**

Plaintiff's request for damages is **GRANTED**.  Plaintiff shall have seven days to submit an Order for the Court's signature detailing the appropriate prejudgment interest and the precise amount due Plaintiff as a beneficiary of the Grimley estate.  An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Leda D. Wettre, U.S.M.J.

---

296, 307 (D.N.J. 2012) (including damages in the elements for a claim of breach of fiduciary duty); *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (including actual damages in the elements for a negligence claim).